UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 11-20600-CIV-MORENO**

AMADO CEDANO, et al.,

     Plaintiffs,

vs.

ALEXIM TRADING CORP.,

     Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs were cargo truck drivers for Defendant, Alexim Trading Corporation, an international cargo agent headquartered in Miami, Florida. Plaintiffs bring this suit against their former employer, alleging two counts under the Fair Labor Standards Act ("FLSA") : (1) Unpaid overtime; and (2) retaliatory firing. The issues raised by these counts, respectively, are: (1) whether Plaintiffs are exempt from the overtime provisions of the FLSA because they are "drivers" as defined by the Motor Carrier Exemption to the FLSA; and (2) whether Plaintiffs could be protected by the retaliation provisions of the FLSA even if they are exempt.

## I. Factual Background

Alexim Trading Corporation is a cargo agent that services the international trade industry. Plaintiffs worked as truck drivers for Defendant at different periods between December 2006 through April 2010. Plaintiffs seek compensation for alleged overtime hours worked outside of business hours. Plaintiffs argue that these hours went uncompensated because Defendant purposefully kept

the time-keeping machine inside a facility that was only open during business hours, thus preventing Plaintiffs from entering those hours they worked outside of business hours. Plaintiffs believed they were entitled to overtime pay because the Defendant had occasionally paid them overtime in the past. Defendant argues that Plaintiffs are not entitled to overtime because they are exempt from the FLSA under the Motor Carrier Exemption.

Plaintiffs also seek liquidated damages they suffered when Defendant fired them in retaliation for asserting their FLSA rights. Plaintiffs allege that they were fired because they complained to Defendant about not being paid overtime as required by the FLSA. Defendant argues that Plaintiffs were fired for misbehavior, including an altercation that one Plaintiff had with another driver. Plaintiffs respond that Defendant's reason is a pretense, and regarding the specific altercation, that the other driver was neither fired nor disciplined.

## II. Standard of Review

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must reasonably be able to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254

(1986).The Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* at 255.

### III. Legal Analysis

<u>A. Count One: Unpaid Overtime</u>

Plaintiffs allege that, pursuant to the FLSA, they are entitled to payment for overtime hours they worked. Defendant argues that Plaintiffs are not entitled to overtime because they are exempt from the FLSA under the Motor Carrier Act. Plaintiffs disagree that the Motor Carrier Act applies, arguing that Plaintiffs drove trucks that weighed less than the statutory amount required to trigger the Motor Carrier Act. For the reasons stated below, this Court finds that Plaintiffs are exempt from the FLSA because they are drivers as defined by the Motor Carrier Act.

The FLSA exempts from its wage and hour requirements "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to [the Motor Carrier Act]." 29 U.S.C. § 213(b)(1). Under the Motor Carrier Act, the Secretary of Transportation has jurisdiction over "employees of... a motor carrier." 49 U.S.C. § 31502(b)(1). The Motor Carrier Exemption to the FLSA was revised in August 2005, defining a "motor carrier" as "a person providing motor vehicle transportation for compensation." 49 U.S.C. 13102(14). In turn, a "commercial motor vehicle" is defined as a "self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle. . . has a gross vehicle rating or gross weight of at least 10,001 pounds, whichever is greater." 49 U.S.C. 31132(1)(A). Thus, the weight of the trucks became one of the defining elements of whether a driver fell under the exemption or not.

This District has already issued a ruling on the extent of the Motor Carrier Exemption in

*Hernandez v. Brink's Inc.*, 2009 WL 113406 (S.D. Fla. 2009). In *Hernandez*, Judge Moore ruled that the Brink's drivers were exempt even though they drove a mix fleet of vehicles made up of trucks weighing both over and under 10,0001 pounds. *Hernandez*, 2009 WL 113406 at *5. Brink's fleet was made up of 104 trucks, 95 of which weighed over 10,001 pounds. *Id.* To decide whether the Brink's drivers were exempt or not, Judge Moore was guided by regulations issued by the Department of Labor. These regulations discussed the application of the Motor Carrier Exemption on employees that had a mixture of duties, some that would fall under the exemption and others that would not. Judge Moore found the guiding principle behind those regulations to be "that when mixed activities occur, the Motor Carrier Act favors coverage of the employee during the course of employment in that job, unless the regular and ongoing duties of the employee have only a de minimus effect on the safety of operation." *Id.* at *5. Analogizing from this principle, Judge Moore held that the Brink's drivers "worked on both commercial and non-commercial vehicles and their duties therefore sufficiently impacted the safety of operations of commercial motor vehicles to bring them within the scope of the FLSA's motor carrier exemption." *Id.* at *6 (citing *Collins v. Heritage Wine Cellars, Ltd.*, 2008 WL 5423550, *19-20 (N.D. Ill. 2008)).

The District Court of Massachusetts ruled similarly in an FLSA exemption case involving FedEx drivers. In *Tidd v. Adecco USA, Inc.*, 2008 WL 4286512 (D. Mass. 2008), FedEx also operated a mixed fleet of trucks, some weighing over 10,001 pounds and others weighing under that amount. The Court submitted that one possible application of the Motor Carrier Act to such mixed fleets would be to give the Secretary of Transportation authority to regulate the hours for drivers of trucks over 10,001 pounds, and give the Secretary of Labor authority to regulate the hours for drivers of trucks under 10,001 pounds. *Tidd*, 2008 WL 4286512 at *3. However, the Court reasoned that

this application was not advisable "[w]ithout some specific indication that Congress intended such a bifurcation of regulatory responsibilities." *Id.* The Court also found that such a bifurcation would "make an individual *employee's* daily work the determining factor as to the Secretary of Transportation's regulatory authority, rather than the specified characteristic of the *employer*." *Id.* at *4. Instead, the Court held that a more practical approach would be to define an employer as a "'motor carrier' if it meets the definition of [the Motor Carrier Act] because it uses 10,001 pound-plus trucks in interstate commerce, even if it also conducts other operations that do not meet that definition." *Id.* The Court granted partial summary judgment to Defendants on this issue, ruling that FedEx was therefore a motor carrier "as to whose employees the Secretary of Transportation has the power to prescribe requirements for maximum hours of service" because FedEx "uses 'commercial motor vehicles' to transport property in interstate commerce." *Id.*

Defendant's fleet of trucks are mixed; most weigh over 10,001 pounds, but Defendant concedes that at least one is under 10,0001 pounds. Following the reasoning laid out in *Hernandez* and *Tidd*, Defendant's mixed fleet of trucks makes Defendant a motor carrier and gives the Secretary of Transportation jurisdiction over Defendant's employees. It follows that Plaintiffs are exempt from the wage and hour requirements of the FLSA under the Motor Carrier Act. The focus of the Motor Carrier Acts aims at regulating those activities that impact the safety of operations of commercial vehicles in interstate commerce. To deny the application of the Act merely because one or two trucks within a large fleet weigh less than the statutory amount would be contrary to the purpose of the Act. Similar to FedEx's mixed fleet of trucks, the mixed nature of Alexim Trading Corporation's fleet of trucks is sufficient to bring them under the regulation of the Secretary of Transportation, pursuant to the Motor Carrier Act.

Based on the well-reasoned decisions discussing the Motor Carrier Act's exemptions, this Court finds that Defendant qualifies as a motor carrier whose employees are exempt from the FLSA provisions on wage and hours. Accordingly, Plaintiffs are not entitled to overtime wages because they are exempt from the wage and hour provisions of the FLSA, and the Defendant's Motion for Summary Judgment is granted on this Count.

B. Count Two: Retaliatory Firing

Plaintiffs argue that they are entitled to liquidated damages because Defendant fired them in retaliation for Plaintiffs' complaints that they were entitled to overtime pay under the FLSA, and that such retaliatory firing is in violation of the FLSA. Plaintiffs further argue that even if they are exempt from the wage and hour provisions of the FLSA, the retaliation protections of the FLSA continue to apply to them. Defendants incorrectly argue that if Plaintiffs are exempt from the wage and hour provisions of the FLSA, they are similarly exempt from the retaliatory provision of the FLSA. Defendants further argue that Plaintiffs cannot demonstrate that they engaged in activity protected by the FLSA because Defendant's conduct never violated the FLSA. This Court finds that the retaliatory firing provision of the FLSA applies to Plaintiffs even if they are exempted from the wage and hour provisions of the same Act, and that questions of material fact exist regarding whether the firings were retaliatory.

The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person...to discharge or in any other manner discriminate against an employee because such employee has filed any complaint...under or related to this [Act]." 29 U.S.C. § 215(a)(3). In *Wirtz v. Ross Packaging Comp.*, 367 F.2d 549 (5th Cir. 1966), the Court held that "[u]nlike the wage and

hour provisions of Sections 6 and 7 of the [FLSA], which apply only to an 'employee...engaged in commerce or in the production of goods for commerce,' the protections of [the retaliatory provision] apply, without qualification, to 'any employee.' The prohibitions of [the retaliatory provision] are similarly unlimited, for they are directed to 'any person.' Thus the clear and unambiguous language of the statute refutes the...view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked." *Wirtz*, 367 F.2d at 550-51.[1]  More recently, Judge Jordan also ruled that "[t]he FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations." *Obregon v. JEP Family Enter., Inc.*, 710 F.Supp.2d 1311, 1314 (S.D. Fla. 2010)(citing *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550-551 (5th Cir. 1966)). Therefore, Plaintiffs' exemption from the protections of the wage and hour provisions of the FLSA does not preclude them from bringing a claim under the retaliatory firing provision of the FLSA.

To establish their retaliatory firing claim, Plaintiffs must show that they were fired because of their assertion of statutory rights, whether or not other grounds existed for the discharge. 29 U.S.C. § 215(a)(3). An assertion of statutory rights will still be covered by the FLSA even when the employee has a mistaken, but reasonable, belief that the employer is engaging in unlawful conduct. *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 182 (8th Cir. 1975). In *Brennan*, the Eighth Circuit found that the employer was not engaging in any violation of the FLSA, but that the employees could have reasonably interpreted the employer's conduct as a violation. *Id.* at 182-83. The Court held that the Plaintiff's mistaken, but lawful, assertion of their FLSA rights constituted protected activity

---

[1] *Wirtz* is binding precedent in this Circuit through *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), in which the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

under the FLSA. *Id.*

In the instant case, Plaintiffs believed that Alexim Trading Corporation was violating the FLSA's provisions for overtime and record keeping by placing the time-keeping machines indoors where they were unavailable to Plaintiffs outside of business hours. Plaintiffs believed that the purpose of keeping these machines indoors was to avoid properly accounting for all of Plaintiffs' working hours and therefore avoid payment of their overtime wages. Plaintiffs' genuine belief that they were entitled to overtime pay under the FLSA stemmed from the fact that they had been paid overtime on occasion, whenever the time-entry machine documented the extra hours. These prior instances of overtime pay gave Plaintiffs the reasonable belief that they were entitled to overtime pay under the FLSA. Even though Plaintiffs were incorrect in their belief that they were entitled to overtime pay, their complaints to management about overtime pay constituted activity protected by the FLSA.

After Plaintiffs made several complaints with their supervisor regarding the employer's non-payment of overtime, Alexim Trading Corporation fired them. Genuine issues of material fact exist regarding whether the firing was in retaliation for Plaintiffs' assertion of their FLSA rights, or whether Defendant had other, legitimate reasons for the firings. Defendant argues that one of the Plaintiffs was fired after he had a verbal altercation with another driver. Plaintiffs counter argue that the other driver involved in the altercation was neither reprimanded nor fired, and that the employer did not have actual knowledge as to the origin of the altercation. Reviewing the evidence in the light most favorable to the nonmoving party, this Court finds that a reasonable jury could conclude that Plaintiffs were fired in retaliation for their complaints about overtime pay, and that Defendant's proffered reasons for the firing are pretextual. Accordingly, questions of material fact remain and

the Defendant's Motion for Summary Judgment is denied on this Count.

### IV. Conclusion

The Defendant has demonstrated that there are no material facts in dispute regarding Plaintiffs' classification as drivers under the Motor Carrier Act, and therefore Plaintiffs are exempt from the overtime provisions of the FLSA. Plaintiffs have shown that they are entitled to the retaliatory firing protections of the FLSA despite their exemption from the overtime provisions of that Act, and moreover, there are material facts in dispute regarding whether Plaintiffs were fired in retaliation for asserting their FLSA rights. Accordingly it is,

**ADJUDGED** that Defendant's Motion for Summary Judgment (**D.E. No. 14**), filed on **August 5,** is GRANTED with respect to Count One of the Complaint, but DENIED with respect to Count Two.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-9-